IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:19-CR-03048-1-BCW |
| | ) | Case No. 6:19-CR-03048-2-BCW |
| | ) | |
| BONTIEA B. GOSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is the Government's motion for order on forfeiture and restitution. (Doc. #377). The Court, being duly advised of the premises, grants said motion.

On September 28, 2022, Defendant Bontiea Goss ("B. Goss") pled guilty to count 1, conspiracy under 18 U.S.C. § 371. (Doc. #282). On the same day, Defendant Tommy Goss ("T. Goss") pled guilty to count 1 and count 32, aiding and assisting in the preparation and presentation of false returns under 26 U.S.C. § 7206(2). (Doc. #284).

On November 3, 2023, the Court issued a preliminary order of forfeiture against the Defendants with the money judgment amount to be calculated and finalized at sentencing. (Doc. #334). From April 25 to April 29, 2024, this Court held sentencing hearings for the Defendants. On April 25, 2024, the Court sentenced T. Goss to 72 months of imprisonment and 12 months of supervised release. (Doc. #366). The Court also ordered T. Goss to pay a $350,000 fine. On April 29, 2024, the Court sentenced B. Goss to 36 months of imprisonment and 36 months of supervised release. (Doc. #374). The Court also ordered B. Goss to pay a $250,000 fine. Additionally, the Court ordered both Defendants to pay a total of $4.35 million in restitution and forfeiture.

1

However, the Court took under advisement the allocation of funds due as forfeiture or restitution as well as the recipient(s) of those funds.

On April 29, 2024, the Court ordered the parties and non-party Preferred Family Healthcare, Inc. ("PFH") to brief this issue to the Court. (Doc. #376). On May 6, 2024, the Government filed the instant motion. (Doc. #377). On May 13, 2024, Defendants and PFH filed their respective briefings in opposition. (Docs. #378, #379, #380). On May 20, 2024, the Government filed its reply briefing. (Doc. #381).

The Government requests the allocation of restitution and forfeiture as follows:

| SCHEME | Forfeiture | Restitution |
|---|---|---|
| Bribes to Jeremy Hutchinson | 0 | $379,500.00 |
| Bribe to Wilkins | 0 | $30,000.00 |
| Bribe to Woods | 0 | $23,333.33 |
| Episodes of Care (Hutchinson) | $562,864.13 | 0 |
| Kickback Scheme: Cranford to the Gosses | $356,350.00 | $379,525.00 |
| Rental Car Scheme | $1,132,424.55 | 0 |
| Sale of Mountain House | $306,472.81 | 0 |
| Rents for Vacation and Retirement Homes | $570,850.00 | 0 |
| Charter Flights | $181,814.70 | 0 |
| Concealment of Hayes Embezzlement | 0 | $426,865.48 |
| Total: | $3,110,776.19 | $1,239,223.81 |
| Total both Restitution and Forfeiture | $4,350,000.00 ||

(Doc. #377). The Government recommends the Defendants be allowed to decide the amount each will pay, and if they are unable to decide, the Court should apportion the payment. Additionally, the Government argues that PFH cannot receive any payment because they were also a perpetrator of the offenses and cannot be considered as a "victim." Consequently, the Government argues it should receive the full $4.35 million.

2

Case 6:19-cr-03048-BCW   Document 382   Filed 07/03/24   Page 2 of 9

In his opposition brief, T. Goss argues that the Court should not order forfeiture for any amount except for the Episodes of Care scheme, and the remainder of the $4.35 million should be ordered as follows:

| SCHEME | Forfeiture | Restitution |
|---|---|---|
| **Bribes to Jeremy Hutchinson** | 0 | $379,500.00 |
| **Bribe to Wilkins** | 0 | $30,000.00 |
| **Bribe to Woods** | 0 | $23,333.33 |
| **Episodes of Care (Hutchinson)** | $562,864.13 | 0 |
| **Kickback Scheme: Cranford to the Gosses** | 0 | $735,875.00 |
| **Rental Car Scheme** | 0 | $1,132,424.55 |
| **Sale of Mountain House** | 0 | $306,472.81 |
| **Rents for Vacation and Retirement Homes** | 0 | $570,850.00 |
| **Charter Flights** | 0 | $181,814.70 |
| **Concealment of Hayes Embezzlement** | 0 | $426,865.48 |
| **Total:** | $562,864.13 | $3,787,135.87 |
| **Total both Restitution and Forfeiture** |  | $4,350,000.00 |

(Doc. #378). B. Goss argues a similar allocation of forfeiture and restitution. However, she also contests the Court's order holding both Defendants liable to pay $4.35 million. B. Goss argues that T. Goss should be solely ordered to pay a reduced amount totaling $1,731,572.46. (Doc. #379).[1] Finally, both Defendants and PFH assert that PFH is entitled to restitution and that the Government has failed to show it is entitled to any payment. (Docs. #378, #379, #380). Consequently, Defendants and PFH argue that the full amount of the $4.35 million, (or at least the restitution portion) should go solely to PFH.

For the instant motion the Court considers the following: (1) how much of the $4.35 million shall be allocated as forfeiture and restitution; (2) how much of the forfeiture and restitution each

---

[1] B. Goss made a similar argument at sentencing which the Court rejected. Consistent with the Court's oral order at sentencing, the total amount of forfeiture and restitution shall remain $4.35 million to be paid by Defendants.

Defendant should be responsible for; and (3) whether the Government, PFH, or both shall receive the forfeiture and restitution, and if both, how much each should receive.

**A. The Court adopts the Government's allocation of forfeiture and restitution.**

1. Forfeiture

Forfeiture and restitution are distinct remedies in which the Court may impose in a criminal case. United States v. Channon, 973 F.3d 1105, 1112 (10th Cir. 2020); see also United States v. Ruff, 420 F.3d 772, 774 (8th Cir. 2005). The Government is authorized to seek forfeiture of any property which represents or is traceable to the proceeds obtained, directly or indirectly, from the conducted offense. 18 U.S.C. § 981; United States v. Gregoire, 638 F.3d 962, 971 (8th Cir. 2011).

Here, Defendants conspired to use funds from PFH to bribe and incentivize others to perform official acts with the intent to benefit both PFH and themselves. (Docs. #282 at 3; #284 at 4). The evidence establishes that the Defendant's schemes as described in the Government's allocation table and briefing, resulted in ill-gotten gains that are directly or indirectly traceable to Defendants' unlawful use of PFH's funding. Defendants were actively involved in the bribes paid to Senator Hutchinson for the Episodes of Care legislation. Defendants participated and benefitted from Milton Cranford's kickback scheme. Additionally, Defendants knew their private company White Dog Asset Holding ("WDAH") was overcharging PFH for rental car leases over the course of four years. Defendants also overcharged PFH on the mortgage for the mountain house and lake house. Defendants also used PFH company plane to take unauthorized personal flights. In sum, Defendants utilized PFH funds for their personal benefit. Therefore, the Court shall finalize the preliminary order of forfeiture for both Defendants and impose a forfeiture amount of $3,110,776.19.

2. Restitution

The purpose of restitution is to make victims of a crime whole and to fully compensate them for their losses. United States v. Clausen, 949 F.3d 1076, 1081 (8th Cir. 2020). In determining the amount of restitution, the court must consider the amount of the loss sustained by each victim as a result of the offense. 18 U.S.C. § 3663; United States v. Chaika, 695 F.3d 741, 749 (8th Cir. 2012). The offense may include transactions beyond those alleged in the counts of conviction. Id. (citing United States v. Manzer, 69 F.3d 222, 230 (8th Cir. 1995)); see also, United States v. Ross, 279 F.3d 600, 609 (8th Cir. 2002) (holding that victim restitution may be ordered for criminal conduct that is part of a broad scheme without regard to whether the defendant is convicted for each fraudulent act in the scheme.).

Here, the parties have agreed on the amount for the bribes to Jeremy Hutchinson ($379,500), Henry Wilkins ($30,000), and Jonathan Woods ($23,333.33).[2] Defendants admit to providing PFH funds (comingled with federal funds) to Cranford for the kickback scheme that provided Cranford $379,525 of ill-gotten gains. (Doc. #284).[3] Finally, Defendants concealed that David Hayes was also embezzling over $426,000 from PFH in order to hide Defendants' and Hayes' crimes.[4] Therefore, consistent with the Government's calculations, the Court shall order restitution in the amount of $1,239,223.81.

**B. Defendants shall be jointly and severally liable for paying forfeiture and restitution.**

T. Goss was the Chief Financial Officer ("CFO") for PFH and B. Goss was its Chief Operating Officer ("COO"). Both were agents of PFH and had the authority to access and manage

---

[2] While there was evidence of different amounts presented at sentencing regarding the estimate for Woods, in its briefing, the Government adopted Defendants' estimate. (Doc. #377).
[3] See United States v. Cranford, Case No. 6:18-CR-03020-BCW.
[4] The Government asserts that the full amount embezzled by Hayes exceeds $426,865.48. However, to be consistent with the plea agreement, the amount was reduced.

5

PFH's funds. Both Defendants had knowledge of the unlawful use of PFH funds and in fact authorized the unlawful use of PFH funds. Additionally, the Defendants were married to each other and living together during the time they formed this conspiracy. They each had knowledge of each other's role and activities performed to further their crimes. Furthermore, Defendants reaped the benefit of each other's involvement in the conspiracy and profits made from the schemes, regardless of which of them were more involved or received more profit. For these reasons, the Court finds that Defendants should be jointly and severally liable for payment of all funds.

The Supreme Court has stated that defendants cannot be held jointly and severally liable to money judgment forfeitures under 21 U.S.C. § 853.[5] <u>Honeycutt v. United States</u>, 581 U.S. 443, 450 (2017). However, the Eighth Circuit has held that <u>Honeycutt</u> is not applicable to forfeitures under § 981.[6] <u>United States v. Peithman</u>, 917 F.3d 635, 652 (8th Cir. 2019) (reasoning that the plain language under § 981 is broader than § 853 and does not contain any language that requires possession of the property by defendants like § 853 does); <u>see</u> <u>also</u> <u>United States v. Sexton</u>, 894 F.3d 787, 799 (6th Cir. 2018). Forfeiture was imposed against Defendants under § 981. (Doc. #334). Therefore, Defendants shall be jointly and severally liable to pay the full $4,350,000.

**C. The Government shall solely receive the forfeiture and restitution.**

As it pertains to who should be the recipient of the forfeiture funds, § 981 provides that the funds be forfeited to the Government. Furthermore, in their plea agreements, Defendants agreed to forfeit all assets subject to forfeiture to the Government pursuant to § 981. (Docs. #282 at 6; #284 at 7). Therefore, the Government shall receive the full amount of the forfeiture payment.

---

[5] § 853 provides for criminal forfeitures against defendants convicted of an enumerated controlled substance offense.
[6] § 981 provides for forfeiture against defendants for any property which is derived from proceeds traceable to a violation of any offense constituting unlawful activity.

As it pertains to restitution, Defendants and PFH argue that PFH should be the sole recipient of restitution because it was a victim of Defendants' conduct, while the Government did not establish that it also was a victim. In contrast, the Government argues that it is a victim because the funds that Defendants obtained and used through bribery and embezzlement were ultimately federal funds. Additionally, The Government argues that PFH is not a victim because it was a perpetrator along with Defendants.

The Mandatory Victims Restitution Act ("MVRA") defines a "victim" to include any person directly or proximately harmed by the defendant's criminal conduct in the course of a scheme or conspiracy. 18 U.S.C. § 3663A(a)(2). The Government can be considered a victim under the MVRA, but bears the burden of proving it should receive restitution by a preponderance of the evidence. Chaika, 695 F.3d at 749. Additionally, it is a fundamental error to award restitution to perpetrators of the offense of the conviction. Id.

1. PFH cannot be considered a victim because it is an admitted perpetrator.

PFH entered a non-prosecution agreement with the Government in which it admitted that it could be held liable for the criminal misconduct of its officers, which includes the Defendants who were the CFO and COO respectively. (Doc. #380). Because of PFH's admissions, PFH agreed to forfeit $6,953,834.67 to the Government and pay restitution to the State of Arkansas in the amount of $1,122,564.93. While Defendants embezzled some funds from PFH to enrich themselves, the objective of the criminal misconduct was to also enrich PFH. (Docs. #282; #284). Therefore, PFH could be held liable as a co-conspirator with Defendants. Because a perpetrator cannot be its own victim, PFH is not eligible to receive restitution. Chaika, 695 F.3d at 749; see also, In re Wellcare Health Plans, Inc., 754 F.3d 1234, 1239 (11th Cir. 2014).

7

2. <u>The Government is a victim and has established that it should receive restitution.</u>

Excluding Medicaid reimbursements, PFH received more than $67 million dollars in grants from the federal government during the period of the conspiracy and the preparation of the false returns. (Doc. #377). These grants were commingled with PFH funds that were embezzled out for bribes and to enrich Defendants and their co-conspirators. Additionally, PFH received those grants from the Government fraudulently as it would not have been entitled to those federal funds had the Government known that PFH, through the Defendants, was engaging in bribery, embezzlement, fraud, and filing false tax returns. <u>United States v. Petruk</u>, 484 F.3d 1035 (8th Cir. 2007).

Defendants argue the Government has not shown the amount of loss claimed was actually caused by Defendants' offenses as it has not established that the loss derived from any specific federal grant. Defendants argue that since the Government has not specifically shown that the funds used for Defendants' criminal conduct came from a specific federal grant, then the Government has not met its burden by a preponderance of the evidence. However, the Government need not identify a specific federal grant. The Government only needs to prove they suffered an actual loss. <u>United States v. Chalupnik</u>, 514 F.3d 748, 754 (8th Cir. 2008).

When it comes to claiming federal funding, the actual loss is equal to the full amount of the federal funding paid, minus the amount defendants would have been entitled to during the conspiracy period. <u>Petruk</u>, 484 F.3d at 1036. Over $67 million was given to PFH during the conspiracy period. PFH would not have been eligible to receive any grants had the Government known PFH was bribing politicians and participating in other criminal conduct. With the federal funds being commingled in PFH's funds, Defendants used federal dollars to participate in criminal

conduct as well. Therefore, the Government has established that it suffered an actual loss that would actually exceed the determined restitution amount. Id.

For the reasons above, Defendants are jointly and severally liable to the Government for $3,110,776.19 in forfeiture and $1,239,223.81 in restitution, for a total of $4,350,000.00. Accordingly, it is hereby

ORDERED the Government's motion for order on forfeiture and restitution (Doc. #377) is GRANTED. It is further

ORDERED the preliminary orders for forfeiture against Defendants are finalized. The amount of $3,110,776.19 is hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 and is to be disposed of according to law. Defendants shall be jointly and severally liable to forfeit said amount. It is further

ORDERED Defendants are sentenced to pay $1,239,223.81 in restitution to the United States. Defendants are jointly and severally liable to pay the restitution. Restitution is due and payable immediately. Notwithstanding any other provision of this Order, the Government may enforce restitution at any time. It is further

ORDERED the Court shall retain jurisdiction to enter any orders necessary to amend or enforce this Order.

IT IS SO ORDERED.

Date: July 3, 2024 /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT